**KRAUS, Plaintiff-Appellant, v. HALLE BROS. Co., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22293.   Decided December 17, 1951.

Myron D. Malitz, A. E. Greenfield, W. J. Kraus, Cleveland, for plaintiff-appellant.

Henderson, Quail, Schneider & Pierce, Cleveland, for defendant-appellee.

(HUNSICKER, PJ, DOYLE, J, of the 9th District: NICHOLS, J, of the 7th District, sitting by designation in the 8th District.)

### OPINION

Per CURIAM:

The sole question in this appeal on questions of law from the Court of Common Pleas of Cuyahoga County, is whether the word "costs" as used in §4316 GC, may be reasonably construed to mean "expenses" as claimed by the appellant.

A taxpayer's action was directed against the appellee herein

which on trial and on subsequent appeal, was adjudicated in favor of the defendant and against the taxpayer. In the course of the proceedings various expenses were incurred by counsel for the taxpayer in the preparation and trial of the case. They are shown in the record before us to consist of the following:

| June 9, 1949 | photostats | $ 2.00 |
|---|---|---|
| June 14, 1949 | photostats | $ 15.00 |
| May 19, 1949 | photostats | $ 2.00 |
| Apr. 29, 1950 | depositions (not filed) | $199.85 |
| May 20, 1950 | photostats | $ 36.00 |
| May 23, 1950 | Max Rudolph, expert testimony | $100.00 |
| Aug. 1, 1950 | Cost of Bill of Except. | $126.50 |
| Feb. 28, 1951 | Printing record & brief | $164.44 |
| Apr. 18 1951) | Expenses of trip to Columbus for | |
| Apr. 19, 1951) | hearing motion to certify record to supreme court of Ohio | $ 84.00 |

These are expenses which the common pleas court refused to allow and order paid upon the request of appellant. The court did allow, among others, cost of the following items, about which there is no controversy here:

| June 16, 1949 | Filing fee | $52.00 |
|---|---|---|
| June 30, 1949 | Subpoenas etc | $ 4.50 |
| July 21, 1950 | Appeal bond | $10.00 |
| Feb. 23, 1951 | Filing fee, Sup. Ct. | $40.00 |

The total of the items of expense first above mentioned is $729.79, and the total of the costs allowed is in the amount of $106.50.

In the judgment entered by the trial court, there appears the following language:

"* * *, the plaintiff, taxpayer, had good cause to believe his allegations were well founded, and that equity and justice dictate that he shall be allowed his costs herein. The Court finds that the plaintiff's statement includes items which are expenses, as distinguished from costs, and that plaintiff is not entitled to allowance of such expenses * * *."

The statute (§4316 GC), is in the following language:

"If the court hearing such case is satisfied that the taxpayer had good cause to believe that his allegations were well founded, or if they are sufficient in law, it shall make such order as the equity and justice of the case demand. In such case, the taxpayer shall be allowed his costs, and, if judgment is finally ordered in his favor, he may be allowed as part of the costs a reasonable compensation for his attorney."

It is the conclusion of the members of this Court that the above statute should be construed to mean, under the cir-

cumstances here shown to exist, that the losing taxpayer should "be allowed his costs" and that "costs" mean only such costs as are generally recognized and allowed by law and generally taxed against the losing party. The word "costs" is not construed to mean, under this statute, general expenses.

We affirm the conclusions generally of the trial court but under out authority so to do, will modify the judgment therein entered to include as costs the expense of the bill of exceptions. As modified, the judgment will be affirmed. Exceptions noted. O. S. J.

HUNSICKER, PJ, DOYLE, J, NICHOLS, J, concur.